## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TAMA BROADCASTING, INC.,

    Plaintiff,

v.                                      CASE NO: 8:08-cv-1307-T-26TGW

GROUP ASSETS, LLC,
GLENN W. CHERRY, and
CHARLES W. CHERRY, II,

    Defendants.
_____/

## O R D E R

       Pending before the Court is Defendants' motion to dissolve temporary injunction filed in state court on June 4, 2008. The Court scheduled a hearing on the motion for Wednesday, July 16, 2008, at 1:30 p.m., and directed Plaintiffs to file an expedited response by today. Plaintiffs have filed an emergency motion to remand and a motion to continue the hearing.

       After reviewing the prior proceedings in state court, which included an emergency hearing on Defendants' attorney's letter request to dissolve the temporary injunction on June 4, 2008, the Court concludes that the motion to dissolve should be denied without prejudice to being refiled in this case after the Court determines the merits of Plaintiffs' emergency motion to remand. The Court comes to the conclusion for two reasons. First, Defendants have already been granted the benefit of a hearing with regard to the issue of dissolving the temporary injunction entered by the state court so that the Court is not inclined to revisit that issue until

such time as it resolves the issue of whether remand is appropriate in this case.  Cf. Johnston v. Tampa Sports Auth., 410 F.Supp.2nd 1143, 1145 (M.D. Fla. 2005) (observing that a defendant having lost an issue in state court should not be permitted to remove the case to federal court for what would be in effect an appeal of the state court's decision), rev'd on other grounds, 2008 WL 2439930 (11th Cir. 2008).  Second, as Plaintiffs correctly point out, this Court is obligated to address its subject matter jurisdiction prior to reaching the merits of any other issue.  See University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (stating that "the district court should have resolved the issue of subject matter jurisdiction before reaching the merits of any other issue").

Accordingly, it is ordered and adjudged as follows:

1) Defendants' Motion to Dissolve Temporary Injunction (Dkt. 4) is denied without prejudice to being renewed in the event the Court denies Plaintiffs' motion to remand.

2) Plaintiff's Motion to Continue Hearing (Dkt. 16) is granted.  The hearing scheduled for Wednesday, July 16, 2008, at 1:30 p.m., is cancelled.

3) Defendants shall file a response to Plaintiffs' Emergency Motion to Remand on or before July 24, 2008.

**DONE AND ORDERED** at Tampa, Florida, on July 14, 2008.

     s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record